## AMERICAN ELECTRICAL NOVELTY & MFG. CO. v. ACME ELECTRIC LAMP CO. et al.

(Circuit Court, S. D. New York. November 25, 1901.)

PATENTS—SUIT FOR INFRINGEMENT—SUING WRONG CORPORATION.

Suit for infringement of patents was brought against a corporation alleged and admitted to have been organized under the laws of New York. An interlocutory decree was entered for complainant after an ex parte hearing, and an accounting directed. The evidence before the master showed that the defendant had ceased doing business before the patents were issued, and that the infringements complained of were committed by a New Jersey corporation having the same name, and in part the same officers, which was organized after defendant went out of business, but before the patents sued on were issued. *Held*, that there was no ground upon which a decree could be rendered against defendant for such infringements, and that complainant could be awarded only nominal damages.

In Equity. Suit for infringement of patents.

On exceptions to master's report awarding a decree of $4,023.65 as damages against the defendant corporation and Louis A. Jackson. The corporation alone excepts. The interlocutory decree was granted after an ex parte hearing, no one appearing for the defendants. 98 Fed. 895. Subsequently upon full hearing and argument in another action both of the patents involved were held to be invalid. Manufacturing Co. v. Newgold (C. C.) 108 Fed. 957.

Ewing, Whitman & Ewing and G. H. Gilman, for complainant.
C. H. Duell, George B. Lester, and W. A. Mcgrath, for defendant corporation.

COXE, District Judge. This action was commenced in January, 1899, for the infringement of two letters patent, the bill alleging and the answer admitting that the defendant, the Acme Electric Lamp Company, "is a corporation organized under the laws of the state of New York and a citizen thereof." The decree was against this corporation and in the nature of things could be against no other corporation. Upon the hearing before the master it appeared that this corporation was organized June 15, 1896, and ceased to

do business in January, 1898. In January, 1898, a New Jersey corporation, having the same name and some of the same directors and officers, was organized. All of the lamps upon which an accounting was ordered, with the exception of two stipulated into the original record upon the question of infringement, were made and sold by this New Jersey corporation. The patents were granted in January, 1899, a year after the New York corporation had ceased to do business, and during all of the period in question it was the New Jersey and not the New York corporation that was infringing the patents. These facts seem to be wholly undisputed. The principal question is whether the master was right in assessing damages against the defendant based upon the sales of the New Jersey corporation. The exceptions clearly present this issue. There seems to be no escape from the conclusion that the complainant has sued the wrong defendant. That the mistake was natural, and, perhaps, inevitable, may be conceded, but the fact remains that the defendant is required to pay $4,000 for the wrong of another party. The damage was done and the profits, if any, were received by the New Jersey company. The New York company, upon the present proof, has made no profits and has done no injury. How, then, can it be made to pay? The fact that the two corporations have the same name, though tending to confuse the issue, does not change its legal aspect. In the eye of the law the two companies are distinct and separate entities. If, for instance, the New Jersey company had been incorporated under the name of the "Hoboken Novelty Company" it would seem obvious that the Acme Electric Lamp Company of New York should not be made to pay for the wrong doing of the Hoboken Company. Or, to push the illustration a step further, assume that a man named Louis A. Jackson was engaged in business at 1659 Broadway until January, 1898, when he moved out and another individual having the same name moved in and a year later began infringing the complainant's patents. Is it not manifest that Jackson No. 1 cannot be made to pay for the damage done by Jackson No. 2? And, yet, how is the legal aspect of the situation changed because the parties happen to be corporations instead of individuals? The organization of the new corporation having the same name as the old certainly has a suspicious look, but the court is unable to find anything in the record tending to show a collusive design. There could hardly have been a fraudulent intent as to the infringement of the patents, because the New Jersey company was organized a year before the patents were granted. For aught that appears the change was a legitimate one and made for an honest purpose, but assuming it to be merely a juggle it is difficult to see how this fact can avail complainant in the present suit. The New Jersey company is not a party to this action, but it can, of course, be made to pay for its infringement if found liable in a proper suit commenced for that purpose. The court has been unable to discover any theory upon which the corporation defendant can be made to pay for infringements for which, upon the undisputed testimony, it is in no way responsible.

The exceptions which present the question decided are sustained. The decree against the defendant corporation should be limited to nominal damages.